UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK DITTO; JULIE DITTO,

                Plaintiffs,

-against-

PETERSON PROPERTIES; PETERSON PROPERTY MANAGEMENT; TED PETERSON; STEVE PETERSON; DOES 1-10,

                Defendants.

22-CV-5283 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who provide a New York P.O. box as their address, bring this *pro se* action alleging that Defendants violated their rights in connection with Plaintiffs' rental of an apartment in Oakland, California. On June 7, 2022, Plaintiffs filed a virtually identical complaint naming the same defendants. *See Ditto v. Peterson Properties*, ECF 1:22-CV-4788, 2 (S.D.N.Y. June 10, 2022). The Court transferred that action, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of California. *See id.* (ECF 3).

For the following reasons, the Court transfers this action to the United States District Court for the Northern District of California.

## DISCUSSION

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an

independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Under Section 1404(a), transfer is appropriate in this case because the underlying events occurred in Oakland, California, where the apartment at issue is located and most Defendants appear to reside, and it is reasonable to expect that all relevant documents and witnesses also would be in Oakland, California. Moreover, because Plaintiffs have filed a substantially similar complaint, that this Court transferred to the Northern District of California, that district is the favored forum to litigate this action. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (under the "first-filed rule," when two district courts concurrently have before them actions involving the same parties and issues, there is a strong presumption in favor of the forum of the first-filed suit).

Accordingly, the Court transfers this action under Section 1404(a) to the United States District Court for the Northern District of California. See *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 29, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge